Francis T. Murphy, Jr., J.
Petitioner in this article 78 proceeding challenges the validity of respondent City Rent and Rehabilitation Administrator’s determination which granted building-wide “ net annual return” rent increases in accordance with section Y41-5.0 of the City Rent Law. (Administrative Code of City of New York, § Y41-5.0, subd. g., par. [1], cl. [a], subpar. [1], subcl. [i]; Local Laws, 1962, No. 20 of City of New York.) The gravamen of petitioner’s attack lies in the contention that the City Rent Administrator transgressed her delegated authority by construing the words “ reduction in the assessed valuation” contained in the afore-mentioned portion of the enabling statute to include a decrease obtained as a result of an application to the Tax Department pursuant to section 163 of the New York City Charter instead of restricting such interpretation to a reduction obtained under section 166 of the New York City Charter. Scrutiny of the relevant statutes compels the rejection of such dichotomization, for nowhere do *839 the pertinent statutes contain or warrant any distinction with regard to the meaning of the words “ assessed valuation ” such as that urged by petitioner. Section Y41-5.0 of the City Rent Law encompasses within its purview a diminution obtained under either provision of the City Charter.
Consonant with the above-delineated construction of section Y41-5.0 of the City Rent Law, it cannot be said that the Administrator in the case now before this court arrogated to herself authority in excess of the vires laid down in the enabling statute, nor does examination of the record indicate that the Administrator’s determination that the reduced 1960/1961 assessed valuation was the best index of the value of the property constitutes an arbitrary or capricious exercise of the discretionary power vested in the agency. “ The courts may not overturn determinations * * * unless they have been made without substantial evidence to support them or are arbitrary and capricious.” (Matter of First Terrace Gardens v. McGoldrick, 1 N Y 2d 1, 3.) Accordingly the application is denied and the petition is dismissed.